### Thayer v. Spaulding.[1]

*(Circuit Court, N. D. Illinois. March 22, 1886.)*

1. Patents for Inventions — Base-Ball Masks—Fencing Masks — Anticipation.

    Letters patent No. 200,358, of February 12, 1878, to Frederick W. Thayer, for an improvement in masks, is not anticipated by the old fencing mask, as the fencing mask had no forehead or chin rest, such as are specified in the Thayer patent.

2. Same—Patentability.

    Although the patented mask and the old fencing mask are in some respects analogous in their use, *held*, that there was enough difference to make the former patentable over the latter.

3. Same—Infringement.

    As patentee appeared, from the evidence, to be the first in the art to show a mask to protect the face having a rest for the forehead, *held*, that he was entitled to cover such forehead-rest broadly, and was not limited to the special means by which he affixed it to the wires of the cage.

4. Same—Prior Use—Evidence to Establish.

    A party asserting a prior use of a device covered by a patent has the burden of proof, and is bound to establish such prior use by strong and convincing if not absolutely conclusive proof.

In Equity.

*Coburn & Thacher,* for complainants.

*West & Bond,* for defendants.

---

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

BLODGETT, J. The defendants in this case are charged with the infringement of patent No. 200,358, granted February 12, 1878, to F. W. Thayer for "an improvement in masks," and an injunction and an accounting asked. The purpose and description of the device, as stated by the inventor himself in his specifications, are:

"It is intended to protect the face of a player from being hit or injured by a base ball while in flight towards him, and also, at the same time, to not materially obstruct his sight. It is usually to be worn by the catcher, or person in rear of the striker or bat wielder. It consists of a forehead and chin rest, or bottom bearing, and a wire cage to receive them, and extend about the face, * * * and provided with straps, or means of securing the cage to the head of the player."

The patent has two claims:

"(1) The face-guard or safety mask, substantially as described, for the purpose specified, it consisting of the open cage and forehead and chin-rests or bearings,—all combined and arranged essentially as set forth. (2) The open cage provided with the forehead-rest, arranged in it substantially as represented."

The defenses are (1) that the claims of the patent are limited to rests supported by wires reaching from the pads to the wires of the frame, and that under this construction the defendants do not infringe; (2) that the device is nothing but the old fencing mask; (3) that the defendants do not infringe; (4) prior public use of the device for more than two years.

The patent contains a disclaimer of the old and well-known fencing mask, as it is called, worn by persons while fencing, or playing with foils or the small-sword. The defendants make and sell a face mask formed of a wire cage and frame, in the same manner as the complainant's, and containing a head-rest, and chin-rest; but their head-rest, instead of being supported by horizontal wires extending from the frame to the head-pad, is supported by straps reaching from the side wires across the frame, so as to bear against the forehead. The old fencing mask offered in evidence shows no head-rest, and, as Thayer seems to have been, from the evidence, the first in the art to show a rest for the forehead in a mask intended to protect the face, it seems to me that he had a right to cover, and does cover, his patent, the forehead rest, broadly, and not the special means by which he fixed it to the wires of the cage.

What I have said about the forehead-rest of the two devices will apply to the chin-rest. Thayer's chin-rest is supported in place by bracing wires, attached to the front wire or frame of the cage; while the defendants' is supported by being attached to the side wire. But, as both the defendants' head and chin rests perform the same function as that performed by the same elements in the patent, and no other, they must be treated as equivalents for the rests covered by the patent.

As to the second point made, that this device is nothing but the old fencing mask, there seems to be a patentable difference between the

two devices, in the use to which they were to be applied, and also in the elements of which they were necessarily composed. The fencing mask required no head-rest, and no such chin-rest as was required for a base-ball mask. In some respects it may be said that the devices are analogous in their use, but there seems to me to be enough difference between them to make that difference patentable. The first claim of the patent is for the combination of the face-guard, and the forehead and chin rests; and the second claim is for the open cage provided with a forehead-rest. The fencing mask did not show these rests in any form, and they were not required for that purpose.

It is urged that the fencing mask shows a chin-rest, but it is in fact a mere pad evidently to prevent abrasion of the chin by the wire frame. The chin-rest in a base-ball mask, being liable to receive heavy blows, performs a more important function. A comparison of the two masks satisfies me that the defendants' mask contains the elements of both the claims of the complainant's mask,—the cage, and the chin and forehead rests,—and I have no doubt but that the idea of the defendants' device is all found in the Thayer patent.

As to prior use, the testimony is conflicting. Two witnesses, McVey and A. G. Spaulding, testify to having seen a base-ball mask worn at a match game, played in Boston, in the fall of 1875; while the testimony on the part of the complainant contradicts this testimony so fully and explicitly that I cannot but conclude that Mr. Spaulding and Mr. McVey are mistaken as to the time when they saw Tyng wear this mask. The testimony of a number of persons is taken, who were present at the game referred to by Spaulding and McVey, and who all concur in saying that no such mask was worn at that game. Parties asserting a prior use of a device covered by a patent have the burden of proof, and are bound to establish such prior use by strong and convincing if not absolutely conclusive proof; and I feel compelled to say, after considering the proof on both sides in reference to this prior use, that I do not think that even the preponderance is with the defendants.

The finding will therefore be that the patent is valid, that the defendants infringe, and that the complainants are entitled to damages.